IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>                    Plaintiff,<br><br><br><br>                    vs.<br><br><br>ROGER BANKERT, in his official capacity as Field Office Manager for the Price Field Office, Bureau of Land Management, et al.,<br><br>                    Defendant. | ORDER and<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:07-CV-292-TC |

On October 3, 2007, the court issued an order denying Plaintiff Southern Utah Wilderness Alliance's (SUWA) administrative appeal of Defendant Bureau of Land Management's (BLM) decision approving the San Rafael Saddle 3-D Geophysical Project.  (See Docket # 36.)  SUWA has appealed the court's decision to the Tenth Circuit Court of Appeals.  On October 10, 2007, SUWA filed a Motion for Injunction Pending Appeal.

SUWA files its Motion under Rule 62(c) of the Federal Rules of Civil Procedure.  But that rule only applies to any "interlocutory or final judgment granting, dissolving, or denying an injunction . . . ."  Fed. R. Civ. P. 62(c).  The court, in its October 3, 2007 order, did not address a request for an injunction.  Instead, it determined whether SUWA's request for reversal and remand of the BLM's decision should be granted under the National Environmental Policy Act and the Administrative Procedure Act.  Accordingly, the only possible portion of the rules under

which SUWA could obtain a stay of the court's October 3, 2007 decision upon appeal to the

Tenth Circuit is Rule 62(d), which reads in its entirety:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a
> stay subject to the exceptions contained in subdivision (a) of this rule [which
> exceptions do not apply to SUWA's case].  The bond may be given at or after the
> time of filing the notice of appeal or of procuring the order allowing the appeal, as
> the case may be.  The stay is effective when the supersedeas bond is approved by
> the court.

Fed. R. Civ. P. 62(d) ("Stay Upon Appeal").

Also, SUWA, in its motion for an injunction pending appeal, raises issues concerning

sand dunes and bees (with declarations of experts to support their arguments).  But those issues

were not raised in SUWA's original administrative appeal.  Accordingly, those issues are not

relevant here.

In short, no evidentiary hearing is necessary to consider the evidence SUWA wishes to

present.  And SUWA does not seek a stay under the appropriate section of the rules.

Accordingly, the court denies SUWA's Motion for Injunction Pending Appeal.  If SUWA desires

to seek a stay under Rule 62(d), it certainly has that option.


**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1.      Plaintiff's Motion for Injunction Pending Appeal (Dkt # 41) is DENIED;

2.      Intervenor Defendant Samson Resources's Motion for Extension of Time (Dkt # 45)

is DENIED AS MOOT; and

3.      The hearing originally scheduled for Friday, October 19, 2007, at 10:00 a.m. is hereby

STRICKEN.

DATED this 18th day of October, 2007.

BY THE COURT:

TENA CAMPBELL
Chief Judge